**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**


| | | |
|---|---|---|
| **VERNON WAYNE MOONEY #384377** | § | |
| | § | |
| **V.** | § | **A-25-CV-01669-RP** |
| | § | |
| **SHUNTRE CLARK,** | § | |
| **et al.** | § | |

**ORDER**

Before the Court are Plaintiff's *pro se* civil-rights complaint and response to the Court's order to show cause. The Court granted Plaintiff leave to proceed *in forma pauperis*. After consideration of Plaintiff's complaint, it is dismissed.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Pack I Unit of the Texas Department of Criminal Justice - Correctional Institutions Division, serving a life sentence. He sues Parole Officer Shuntre Clark, Hearing Officer Joseph Didio, and Director of the Texas Board of Pardons and Paroles Rene Hinojosa.

Plaintiff was released on parole in 2017, after serving 42 years on his life sentence. He signed his certificate of parole on February 14, 2017. Plaintiff's parole was granted conditionally based upon his performance of certain terms and conditions included in the certificate of parole. Rule 5 stated Plaintiff "shall not unlawfully own, possess, use, sell, nor have under [his] control any weapon or illegal weapon." Rule 9D required Plaintiff to abide by all the rules of the facility in which he resided.

1

Plaintiff was accused of violating both rules on November 2, 2023.  His violation report provides:

> On 10/09/2023 while at the Austin II District Parole Office, Parole Officer Michelle Narvaez instructed client Vernon Mooney to abide by all rules and conditions of his release.  On 11/02/2023 client was instructed to report to the Austin Transitional Center after being kicked out of his residence. On 11/02/2023 After Hours Violation PER ATC STAFF CLIENT BROUGHT IN 2 KNIFES [sic].  1 WAS 6 INCHES AND THE OTHER WAS ABOUT 4 INCHES. CLIENT TRIED TO HIDE ITEMS.

Plaintiff signed the violation notice on November 7, 2023.  His revocation hearing was held on November 22, 2023.  At the hearing, Plaintiff alleges Clark deleted the word "illegal" before "weapon" from the violation report and notice of alleged violations.  He claims this breached his parole contract.

According to Plaintiff, the hearing officer rejected the rule violation regarding the 4-inch knife but sustained the finding for the 6-inch knife.  The attachments to his complaint indicate the hearing officer also sustained the finding of the Rule 9D violation.  The hearing officer recommended the revocation of Plaintiff's parole.  The Texas Board of Pardons and Paroles revoked Plaintiff's parole on December 4, 2023.

Plaintiff requests the Court to issue a declaratory judgment and order for injunctive relief.  Specifically, Plaintiff seeks a declaration that Plaintiff's due process rights were violated when Clark deleted the word "illegal" from the notice of allegations and violation report, Didio acquiesced and approved the deletion, and Hinojosa failed to develop and enforce written policies/guidelines to protect the rights of the plaintiff.  He seeks an injunction requiring Hinojosa to provide Plaintiff with a new parole revocation hearing based on the written rules provided in his certificate of parole that prohibited Plaintiff from possessing an "illegal weapon" or "unlawfully possessing a weapon," as

expressed by the plain and unambiguous language of Rule 5.  He further requests that, at the new hearing, parole officials be prohibited from making any material or fraudulent alterations to the language of the parole contract, or any subsequent violation report.  He also requests that Hinojosa be ordered to develop and implement written policies, procedures, or guidelines designed to instruct and educate board members on the law of contracts; ensure strict adherence to the language of the parole contract in every phase of the revocation process; ensure performance of all legal obligations of each party to the contract; protect each party against breach and provide internal remedy; protect the rights and liberty interests inherent in, and created by the contract, entitled to the parolee; and generally protect the integrity and legality of the parole contract.

Although Plaintiff brings this suit as a civil rights action, he is actually challenging the revocation of his parole, which in turn, implicates the fact of his incarceration.  In *Cook v. Texas Dept. of Crim. Just. Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994), the Fifth Circuit noted that "[section 1983 is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement," but "when a prisoner challenges the result of a single defective parole hearing that claim must be pursued by writ of habeas corpus." The distinction is between claims that would "merely enhance eligibility for accelerated release and those that would create entitlement to such relief." *Id.*  The Court ordered Plaintiff to show cause why his action should not be construed as a petition for writ of habeas corpus.

Because Plaintiff is serving a life sentence, he claims he is focused on the "bigger picture" of unconstitutional practices and omissions, and not a single defective hearing.  Plaintiff believes his request for prospective injunctive relief regarding policy changes permits his claims to be presented

in a civil-rights complaint.  He also restates his request for relief as a request to "reopen" his revocation hearing.

DISCUSSION AND ANALYSIS

A.    Standard Under 28 U.S.C. § 1915(e)

An *in forma pauperis* proceeding may be dismissed *sua sponte* under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972).  However, the petitioner's *pro se* status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.    *Heck* Bar

Because a ruling in Plaintiff's favor "would necessarily imply the invalidity" of his parole revocation, his claims are not cognizable under Section 1983. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  "In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) (citing *Heck*, 512 U.S. at 486-87).  The *Heck* bar also applies to claims for damages related to constitutional

4

violations stemming from parole revocation proceedings, *see McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995), as well as claims for declaratory and injunctive relief, *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). In the case of parole revocation, the Section 1983 action is subject to dismissal under *Heck* absent a showing that the confinement resulting from the parole revocation has been invalidated by a state or federal court. *McGrew*, 47 F.3d at 161.

Here, Plaintiff does not satisfy the *Heck* favorable termination requirement. Therefore, unless and until his parole revocation is called into question by a federal writ of habeas corpus, Plaintiff cannot maintain a civil action for damages, declaratory or injunctive relief that essentially seeks to undermine his parole revocation. Accordingly, Plaintiff's complaint is dismissed with prejudice as frivolous until such time as he satisfies the conditions set forth in *Heck*. *See Cook v. City of Tyler, Tex.*, 974 F.3d 537 (5th Cir. 2020) (per curiam) ("[P]laintiffs may reassert their claims upon satisfying the *Heck* conditions but may not otherwise develop the claims 'until' those conditions are met."); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (finding *Heck* barred claims are legally frivolous).

It is therefore **ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE** as frivolous until such time as he satisfies the conditions set forth in *Heck*.

It is further **ORDERED** that the Clerk of Court shall e-mail a copy of the Court's order and judgment to the keeper of the three-strikes list.

**SIGNED** on January 19, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE